IN THE TEXAS COURT OF CRIMINAL APPEALS

TR. CT. # 10CR1217-83-5, (3-18-2015)

RECEIVED IN
COURT OF CRIMINAL APPEALS
MAR 30 2015
Abel Acosta, Clerk

63,775-19

EX PARTE, THOMAS WAYNE FLORENCE

MOTION TO REMAND 10CR1217-83-5, TO THE TRIAL COURT FOR HEARING AND FARE NEW TRIAL T.C.C.P. ART. 40.001

COMES NOW THOMAS WAYNE FLORENCE, TO CERTIFY SAID MOTION UNDER (TDR.A.P.10.2) PENALTY OF PERJURY.

APPLICANT MOVE COURT AND LAW CLERKS TO LIBERALLY CONSTRUE HIS PRO SE, PLEADINGS. HAINES V. KERNER, 404 U.S. 520(97)

FN1, PETITIONER MOVE COURT TO TAKE JUDICAL NOTICE OF A GUIDE TO ART. 11.07 WRITS OF HABEAS CORPUS AND OTHER STATE WRITS, BY MICHAEL F. STAUFFACHER, SUPERVESING ATTORNEY, POST CONVICTION WRITS TEXAS COURT OF CRIMINAL APPEALS AUSTIN TEXAS STATE BAR OF TEXAS 35TH ANNUAL ADVANCED CRIMINAL LAW COURSE 7-20-23-2009 DALLAS TEXAS CHAPTER 18.3. (SEE, Id. AT P. 2, 10CR1217-83-5 PETITIONER'S ART. 11.07 FINDINGS OF FACTS AND CONCLUSION OF LAW AND BREIF IN SUPPORT OF 10CR1217-83-5 HABEAS CORPUS,

PETITIONER MOVE COURT TO ALSO TAKE JUDFN1, T.R.E.201

1

LEGAL NOTICE OF 10CR1217-83-2, 10CR1217-83-3, 10CR1217-83-4 EXHIBITS FILED IN THIS COURT, SEE, JUBERT V. STATE, 753 SW 2d 458, 459 (TEX. CRIM. APP. 1988). STATE EXHIBITS ARE PROBATIVE AND MATERIAL TO RESOLUTION OF 10CR1217-83-5 DUE TO THE NEWLY DISCOVERED EVIDENCE (MATERIAL, ART. 40.001) BY THE ALLEGE VICTIM AMBER GUARNEO WHO'S AN ADULT AND TAXPAYER AND LIVES ON HER OWN. SEE, EXHIBIT A1. 12-13-2014 AFFIDAVIT.

THIS COURT IS AWARE THAT THE JURY DID NOT HEAR FROM AMBER DUE TO THE CRIMINAL ACTS BY THE STATE. (OFFICIAL[FN.2] OPPRESSION 39.03) THE ALLEGE VICTIM SKIPPED TRIAL REFUSE TO LIE FOR THE STATE AND WAS ILLEGALLY LATER ARRESTED WHEN WHEN SHE TURNED HERSELF IN LATER ~~PRIOR TO~~ MY UNLAWFUL CONVICTION. SEE ~~10CR1217~~ 10CR1217-83-5 DOCKET SHEET ~~12-13~~ FROM 10CR1217 P. 1076, BAD FAITH MATERIAL WITNESS BOND OBTAINED BY THE STATE TO ARREST HER IN VIOLATION OF U.S.C. A 4TH, 14TH/RETALIATION AGAINST THIS CITIZEN WHO FAILED TO AND OBJECTED TO THE STATE AND AGENTS MISCONDUCT

FN.2, EXH. A1 LINE #3

2

AND CRIMINAL ACTS, SEE, ART. 40.001 NEW MATERIAL EVIDENCE EXHIBIT A.

SEE, ART. 40.001, A NEW TRIAL SHALL[FN3] BE GRANTED AN ACCUSED WHERE MATERIAL EVIDENCE FAVORABLE TO THE ACCUSED HAS BEEN DISCOVERED SINCE TRIAL.

1. ORIGINAL TRIAL WAS AUGUST 1-5, 2011, AND EXHIBIT A1 WAS OBTAINED DECEMBER 13, 2014. SEE ALSO ADAMS SEANS DEPOSITION TESTIMONY FROM MARCH 31, 2014, JUNE 26, 2014, FILED IN LOCK1217-83-5. SEE, Ed. 40.001. (ENACTED 9-1-1993)

SEE, HERRERA v. COLLINS 113 S. CT. 853, 860 (1993), THE CITIZEN RIGHT TO A FAIR TRIAL IN A FAIR TRIBUNAL.

SEE, Id. 860 HABEAS COURTS SIT TO ENSURE THAT INDIVIDUALS ARE NOT IMPRISONED IN VIOLATION OF THE CONSTITUTION. IT IS NOT THE PETITIONER'S GUILT OR INNOCENCE, BUT THE QUESTION WHETHER THEIR CONSTITUTIONAL RIGHTS HAVE BEEN PRESERVED

THE STATE USED FALSE TESTIMONY, FALSE EVIDENCE AND GAVE THE JURY FALSE IMPRESSIONS TO G.P.D. NO. 2010-139876 FALSE EVENTS

FN. 3. TEX. GOVT. CODE. 311.016, SHALL, MUST.

2

AND INTENTIONALLY AND KNOWINGLY USED PERJURY TO OBTAIN PETITIONER'S CONVICTION BY SUPPORTING THE AGENTS OF THE STATE AND WITNESSES FALSE TESTIMONY AND FALSE IMPRESSIONS TO THE JURY. SEE, EX PARTE CHIAMIRAMNE, 332 SW 3d 470, 471 (TEX. CRIM. APP. 2011); SEE DUGGAN V. STATE, 778 SW2d 465, 868 869 (TEX. CRIM. APP. 1989) (EN BANC), A LIE IS A LIE NO MATTER IT'S SUBJECT EVEN IF THE ISSUE(S) GOES MERELY TO AN ISSUE OK CREDIBILITY.

SEE, 18.3, SUPRA BY M. STAUFFACHER AT P.11 E. BRADY VIOLATIONS, PETITIONER'S EXHIBIT A1 AFFIDAVIT FROM ALLEGE VICTIM IS PROBATIVE AND MATERIAL, WHICH REFER'S TO FEBRUARY 23, 2011 AFFIDAVIT LOCKIA17 C.R. VOL. II, P.'S 470-471 FALSE GRD # 2010-13986. AND REFER'S TO THE MATERIAL FACT THAT SHE WAS FOUND ONE MONTH PREGNATE ON FEBRUARY 14, 2010, AND NOT FEBRUARY 26 OR 27, 2010. SHOWS HER CHILD WAS CONCEIVED DURING HER (ALLEGED) JANUARY 1-25-2010, INCARIATION. MEDICAL RECORDS SHOWS 3 MONTHS PREGNATE ON MARCH 14, 2010, R.R. VOL. 6 of 9 P.'100 BRENT NORRIS DIRECTOR OF GALVESTON COUNTY DETENTION CENTER, SEE, UTMB RECORDS

SHOWS SHE WAS 37 WKS ON OCTOBER 14, 2010, AND LATE TERM PREGNANCY WAS NOTED (ALLEGE D.O.B. 10-22-2010). UTMB DR. STATE'S EXPERT STATED BABY WAS BORN AT 37 WKS FULL TERM ON OCTOBER 22, 2010, BUT RECORDS SHOWS 38 WKS ON Id. DOCUMENT DATE OF ADMISSION WAS 10-21-2010 38 WKS, SO IT'S 39 WKS ON 10-22-2010 AND AMBER WAS ILLEGALLY INDUCED TO GO 2 WEEKS OR WEEK AND DAY'S LATE TO COVER UP TRUE D.O.B. 10-14-2010 AT 37 WKS, R.R. VOL. 5 of 9 P'S 15-19.

PETITIONER WAS DENIED 34 TIMES MOTION AND VERBAL TO HAVE HIS OWN MEDICAL EXPERT TO REBUT STATE, AKE v. OKLAHOMA. AMBER's A1 AFFIDAVIT EXPOSING THAT SHE WAS FOUND ONE MONTH ON 2-14-2010, GOES WITH MOTHER'S 3-10-2010 STATEMENT THAT IT DOES NOT MAKE IT TO 2-19-27-2010 FOR ANY OF THESE GR# 2010-139.86 EVENTS TO OCCUR BUT IT MAKES IT TO 2-14-16-2010 WHICH AMBER AND RABIDE AND GRD GARCIA III, "LYOD", STATE KNEW SHE WAS ONE MONTH ON 2-14-2010.

SEE, 18.3, SUPRA, BY M. STAMPACHER, P. 12

G. ACTUAL INNOCENCE BASED ON NEWLY

DISCOVERED EVIDENCE, CITING CASES. SEE, Id. P. 12 H, CLAIMS OF ILLEGAL SENTENCE, VIOLATIONS OF DUE PROCESS, CITING, EXPARTE CARMONA, 185 SW 3d 492 (TEX. CRIM. APP. 2006).

ALLEGE VICTIMS AFFIDAVIT IS MATERIAL AND NO JURY WOULD HAVE CONVICTED

PETITIONER HAD STATE USED DURESS AND OFFICIAL OPPRESSION AND TRY TO FORCE HER TO "JOIN" OR BE APART OF

THE STATE AND AGENTS CORRUPTED AND ILLEGAL ACTS.

SEE, AMBER'S (EXHIBIT A) TESTIMONY HER DNA WAS UNLAWFULLY TAKEN, VIA DURESS AND THREATS, SEE, U.S. V. IVY, 165 F3d 397 402-404 (IN C 6TH CIR. 1998) (TWIN CASE TO 10CR-1217 Id. A1. SEE, WADE V. STATE, 422 SW 3d 661 (TEX. CRIM. APP. 2013) CITING THE MENDENHALL TEST. SEE, R.R. VOL. 1 of L, 7-22-11 PRETRIAL P. 13, LEAD A.D.A. KAYLA ALLEN MAKES A FALSE STATEMENT THAT AMBER GAVE UP HER DNA VERBALLY IN FRONT OF SEVERAL WITNESSES, SEE, DUGGAN, 408-469. THIS TURNS UP THE CREDIBILITY OF HOLLY JOHNSON WHO TOOK DNA / K. ALLEN'S STATEMENTS, HENERY V POOLE, 409 F3d 48 (2 ND CIR 2005).

THE RECORDS IN 10CR1217 CLERKS RECORDS SUBMITTED IN 10CR1217-83-3, 10CR1217-83-5

AND 10CR1217-83-1 NEVER TRANSMITTED AS MANDATED TO THIS COURT UNDER ART. 11.07, AND IN 10CR1217-83-2, 10CR1217-83-4 AND 10CR1217 AND PETITIONERS EXHIBITS CLEARLY SHOWS CLEAR STRUCTURAL ERRORS WHICH MANDATES A NEW TRIAL, BRECHT v. ABRAMSON, 113 S. CT. 1710, 1717, (1993), ARIZONA v. FULMINATE, 111 S. CT. 1246, 1263 (1993), THE ERRORS IN THIS PARTICULAR CASE AFFECTED AND INFLUENCED IN DETERMINING THE JURY'S VOID VERDICT DUE TO PROSECUTORIAL AND ~~OFFICIAL~~ STATE (G.P.D. STAFF) AGENTS MIS-CONDUCT.

HAD AMBER GUARNELO HAD NOT BEEN, HARASSED, THREATENED AND OFFICIALY OPPRESSED BY THE STATE AND AGENTS TRYING TO FORCE HER TO CONSPIRE AND COOPERATE WITH THEM BY GIVING FALSE TESTIMONY TO SUPPORT GPD# 2010-12135, 2010-13986 FABRICATED POLICE AND AFFID-AVIT # 2010-13986 (SEE C.R. VOL III P. 1076 MATERIAL WITNESS BOND STATE ADMITS, AMBER WAS UNCOOPERATIVE). FALSE EVENTS.

HAD AMBER NOT BEEN OPPRESSED BY THE STATE THE EXHIBIT A AMBER'S DECEMBER 13, 2014 AFFIDAVIT TESTIMONY WOULD OF EXP-

7

EXPOSED THE STATES CASE THE TRUE, DATE OF HER 2-14-2010 HOSPITAL VISIT WHEN FOUND ONE MONTH PREGNATE, CO-INSIDED WITH MEDICAL RECORDS FROM THE STATE SHOWING SHE WAS 3 MONTHS ON APRIL 14, 2010; AND UTMB RECORDS THAT SHOWS ON OCTOBER 14, 2010 AT 37 WKS BABY WAS TO BE BORN ~~XXXXXX~~ NUMBER WAS INDUCED TO CARRY BABY UNTIL 10-22-2010 (ALLEGE) D.O.B.

THIS TESTIMONY IN JAIL, FROM NUMBER, WOULD OF SHOWED SHE CONCIEVED HER BABY DURING HER 1-8-25-2010 INCAR-CERATION AND I COULD NOT OF HAVE CONCEIVED THIS BABY WITH HER, AND Id. JAIL, TESTIMONY WOULD OF REBUTTED THE STATES EXPERT JOE MATOLA, TESTIMONY THAT SHE DID NOT CONCIEVE UNTIL AFTER HER 1-25-10 RELEASE OR MANY DAYS OR WEEKS AFTER 1-25-2010 RELEASE.

SEE; HERRERA, 860, PETITIONER WAS DE-NIED THE RIGHT TO A FAIR TRIAL, AND HABEAS COURTS (TX. C. C. A.) SIT'S TO EN-SURE THAT INDIVIDUALS ARE NOT IMPRISON-ED IN VIOLATION OF THE CONSTITUTION, 860 Id. IT IS NOT THE PETITIONERS GUILT, OR INNOCENCE BUT SOLELY THE QUESTION WHE-THER THEIR CONSTITUTIONAL RIGHTS HAVE

8

BEEN PERSERVED, Id. 860, SEE, HEREAFTER Id. CITING, IN RE MURCHISON AT 136.

HAD A1. TESTIMONY BEEN AVAILABLE, THE PETITIONER WOULD OF BEEN ABLE TO FILE A MOTION TO SUPPRESS AMBER'S ILLEGALLY TAKEN DNA IN VIOLATION OF THE U.S.C. A·4TH; 14TH, SEE, IVY 402-404[1], SUPRA. THE TRIAL COURT WOULD HAVE HAD TO GRANT SAID MOTION.

AMBER' A1. EXSPOSES THAT SHE WAS NOT EVEN PREGNATE WHEN SHE DID THE ALLEGE 3-9-2010 VIDEO. SAID VIDEO WAS DONE AFTER AMBER HAD HER BABY AND SHE WAS STILL DEALING WITH SNORTING CO-CAINE. (SEE, DVD SHE'S STEADY, WIPING HER NOSE).

SHE WAS PUT UNDER DURESS TO CONDUCT THIS DVD AND THE CENTER'S INTERVIEWER COMES RIGHT OUT AND STATE WASN'T IT AFTER 2-14-2010.

HAD PETITIONER HAD A1. TESTIMONY HE WOULD OF BEEN ABLE TO CALL MS. MCCARTY TO TESTIFY AND EXPOSE HER CRIMINAL ACTS TO CONSPIRE WITH HOLLY JOHNSON TO CONDUCT THIS ~~FALSE~~ MISREPRESENTED AND IN WHICH H. JOHNSON SWORE SHE WITNESS AMBER STATE SHE HAD SEX WITH ME ON

9

2-26 (OR 27) 2010 DATE OF TRUE VILLAGE HOSPITAL 2-26-27-2010 HOSPITAL UPSET IN WHICH SHE WAS FOUND PREGNATE. AND "AMBER" AL TESTIMONY SUPPORTED MY CLAIM THAT MY ESTRANGE WIFE GAVE THE STATE AND AGENTS HER AND OUR DAUGHTER'S DNA TO BE SENT UP UNDER AMBER AND HER BABY NAME.

HAD AMBER NOT BEEN OPPRESSED THIS CASE MIGHT NOT OF EVEN MADE IT TO TRIAL IN THE FIRST PLACE.

X HAD NOT THESE CONSTITUTIONAL VIOLATIONS OCCURED NO RATIONAL OR REASONABLE FAIR MINDED JUREST WOULD OF FOUND PETITIONER GUILTY BEYOND A REASONABLE DOUBT, SEE, EX PARTE. ELIZONDO; SCHULR V RELD; EX PARTE OAKMOND, SUPRA. SEE, EX PARTE TULEY, 109 SW3d 388 (TEX. CRIM. APP. 2002).

X SEE, STATE'S FRIVOLOUS ART. 11.07 §4(a) ARGU-MENT, MISAPPLING AND MIS USING Id. 4 AS A PLOY TO AVOID FACING AN ADULT MS. AMBER GUARNELO. THE JURY NEVER HEARD FROM ROBBIE GUARNELO'S 3-10 2010 DVD NEVER STATED AMBER SAID WE HAD SEX NOR DID ROBBIE TESTIFY TO THIS AT TRIAL WHO'S THE OUT CRY. (ART. 37.072) WITNESS. (NONE).

SEE, ART. 11.07 (a) (1), (a), PETITIONER MET SAID BURDEN. HAD THE STATE NOT USED

ILLEGAL AND UNLAWFUL PRE-TRIAL AND TRIAL TACTICS PETITIONER WOULD NOT HAVE BEEN CONVICTED.

THE STATE HAS USED ILLEGAL INAPPROPRIATE 01-11-00832-CR TACTICS TO HAVE APPEAL DENIED. BRADY V. MARYLAND.

THE STATE HAS AND CONTINUE TO USE ILLEGAL COLLATERAL REVIEW TACTICS TO CONTINUE HAVE THE TEXAS COURT OF CRIMINAL APPEALS DENY PETITIONER'S WRITS ART. 11.07'S 10CR1217-83-2, 10CR1217-83-3, 10CR1217-83-4, AND STATE TRIAL COURT AND CLERK FAILED TO TRANSMIT 10CR-1217-83-1 (10-12-2010) ART. 11.07 (2) TO THIS COURT AS OF THIS PENDING. SEE. 18.3, MICHAEL K. STAFFACHER, SUPRA PETITIONER MET THE STANDARDS AND APPLICABLE LAW TO HAVE HIS ART. 11.07'S 10CR1217-83-2, 10CR1217-83-3, 10CR1217-83-4 REVIEWED BY THIS COURT SEE. TIKIA V. 79.2(d). (T.R.C. 201).

FN. SEE EXPARTE DORIA, 548 S.W.2d 392 (TEX. CRIM. APP. 1977), COURT OF CRIMINAL APPEALS WILL REVIEW PETITIONER'S ALLEGATIONS OF GOOD CAUSE FOR ALLOWING A REFILING OF WRIT OF HABEAS CORPUS IF PETITIONER STATED FACTS WHICH IF TRUE, WOULD ENTITLE HIM TO RELIEF THEN SUCH C.C.A. WILL ORDER PETITION FILED AND CONSIDERED ON THE MERITS (A), ART. 11.07 54 (1)(2).

FN. A, AMBER'S AFFIDAVIT. 11

THE ALLEGE VICTIM <u>NO JURY</u> HEARD FROM[FN4] <u>NEWLY DISCOVERED A1 EVIDENCE WOULD BRING ABOUT A DIFFERENT RESULT IN ANOTHER TRIAL, MOORE v. STATE 882 SW2d 844, 849 (TX. CRIM. APP. 1994).</u>

THE ALLEGE VICTIM HAS THE RIGHT TO NOT BE FORCED OR HARASSED OR THREATEN AND ILLEGALLY ARRESTED C.R. VOL. 3 p. 1076-1077[FN5] FOR NOT COMING TO TRIAL ON HER OWN AND (A1), NOT BY OFFICIAL OPPRESSION AND TO GIVE FALSE TESTIMONY FOR THE STATE IN CR073010-13986 PRESENTED DOCUMENTS THAT IN DIATED <u>10CR1217, 10CR1217-83-1, 10CR1217-83-2, 10CR1217-83-3 10CR1217-83-4, 10CR1217-83-5 AND ART. 11.07, ART. 11.06 FILED MARCH 12, 2015, IN BEXAR COUNTY TEXAS. SEE, McQUIGGIN v. PERKINS, 133 S. Ct. 1924, 1932 (2013). WE HAVE HELD THAT THE MISCARRIAGE OF JUSTICE APPLIES TO STATE PROCEDURAL RULES. (SEE, EX PARTE PATTERSON, 969 SW2d 16, 19 (TX. CRIM. APP 1998)</u> A COMPLETE NULLITY (JURISDICTIONAL DEFECT) EXEMPTS A DEFENDANT FROM THE RULES OF PROCEDURAL DEFAULT SEE, 10CR1217-83-1 - 10CR-1217-83-4) SEE, ART. 11.07, 11.06 Id. 3-12-15, PENDING, SEE McQUIGGIN, 1932, SUPRA).

THE PETITION IS NOT BARRED UNDER ART. 11.07 § 4 (a). SEE, Id. CITING, HOUSE/SCHUP

FN 4, McQUIGGIN v. PERKINS, 133 S. Ct 1924 (2013) CITING CASES TENNARD v. DRETKE 124 S. Ct. 2562, 2569 (2004)

FN 5, EXHIBIT A1

12

AND HERRERA. IT'S A MISCARRIAGE OF JUSTICE BY THE STATE AND TRIAL COURT ARGUING ART. 11.07 §4(a), AS A TACTIC TO AVOID ADDRESSING THE PETITIONER'S CLAIMS AND EXHIBIT A1, FROM THE ALLEGE VICTIM, WHO NEVER WAS AT TRIAL, WENT TO TRAI'L C.R. VOL. III, P. 1076, SEE, Id. A1 ATTACHED.

SEE, McQUIGGIN, HAD THE JURY HEARD THIS ALLEGE VICTIM WHO'S A TAXPAYER AND ABOUT TESTIMONY NOW NO REASONABLE JURY WOULD OF FOUND PETITIONER GUILTY BEYOND A REASONABLE DOUBT.

HAD PETITIONER HAD SAID TESTIMONY AT A SUPPRESSION HEARING (A1) HE WOULD OF HAD SAID EVIDENCE SUPPRESSED AND THERE WOULD OF BEEN NO TRIAL.

RESPECTFULLY SUBMITTED
Shomko W. Flourke MARCH 24, 2015

PRAYER: ALL RELIEF GRANTED ART. 11.07 GRANTED REMAND FOR NEW TRIAL, COURT TAKE JUDICIAL NOTICE ON 10CR1217-83-4 DENIED BY ERROR AS A ART. 11.07 §4(a), SEE, EXPARTE PATTERSON, Mc-QUIGGIN, SCHLUP, HERRERA, SUPRAS.


EXHIBIT A1 ATTACHED

SEE, C.R. VOL. III, AT P's 470-471 FEBRUARY 23, 2011 AFFIDAVIT'S / FILED IN Id. ART. 11.07 AND 3-12-15 11.06.

13

10CR1217-83-5　　　EXHIBIT A1

## AFFIDAVIT

My name is Ms. Amber Maries Guarnelo I am over 18 years of age and I swear my statement is true under penalty of perjury.

I was not found about one month pregnant on February 24 or 27 2010, as I've stated in my prior statement the police report that I've read the events are false.

I found out I was about one month pregnant was on February 14, 2010 when at the hospital. I was not found pregnant on February 24 or 27, 2010 at Ben Taub.
Mr. Garcia, Ms. Holly Johnson and Galveston Assistant District Attorney who harassed and threaten me. Ms. Rebecca Russell, Mr. Brandon Sims and the District Attorney that prosecuted Thomas Florence all knew I was no found pregnant on February 26 or 27, 2010 at Ben Taub , but February 14, 2010. The District Attorney's peoples were mad I refuse to lie for them on Thomas Florence and refuse to come to court on my own.

Ms. Holly Johnson came back to my house on January 19, 2011 to get my DNA after she had obtained Thomas and my baby's DNA on January 4, 2011.
I refuse to open the door for her to give her my DNA. She called my mother on the phone at work and told her I wouldn't open the door. Ms. Johnson told me if didn't open the door and give it to her she would have CPS take my child. Mr. Johnson, Mr. Garcia and the D.A. all knew that my child was born on October 22, 2010 by my mother. I did not call them as they stated and told them I had my baby.

i'm not a victim and I'm not a complaining witness on Thomas Florence as they stated.
I was told by the owner of the Children Center to color for the video in a coloring book. When we go in her and Ms. H. Johnson kept bugging me, but I kept refusing until they got on my nerves, telling me what I need to say and do. This video was done after I had my baby not before.
Thomas wife kept harassing my mother by phone and told us when my baby is born she was bringing her and Thomas daughter down to Galveston to give DNA. This was right before Thomas was setup by his wife to be arrested. I told him his wife was no good and was talking to Mr. Garcia and them. He did not believe me until it was days after when he was arrested.

I ask that my affidavit be given to the Courts and reviewed.

Thanks,

X _Amber Guarnels_

X _Rey_

REYNALDO MARTINEZ
My Commission Expires
November 12, 2017
NOTARY PUBLIC STATE OF TEXAS

12/13/14

exhibit A1